UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
26-37 (JWB/DTS)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | PLEA AGREEMENT AND |
| v. | ) | SENTENCING STIPULATIONS |
| | ) | |
| BRENNA MARIE DOYLE, | ) | |
| | ) | |
| Defendant. | ) | |

The United States of America and the defendant, BRENNA MARIE DOYLE, agree to resolve this case on the following terms and conditions. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota. It does not bind any other United States Attorney's Office or any other federal or state agency.

1.     **Charges and Waiver of Indictment**. The defendant agrees to plead guilty to a criminal Misdemeanor Information charging her with one count of assaulting and impeding a United States Officer, in violation of Title 18, United States Code, Section 111(a)(1) (Count 1), and with one count of assaulting a Federal Law Enforcement Officer's immediate family members, in violation of Title 18, United States Code, Sections 115(a)(1)(A) and (b)(1)(B)(i) (Count 2). The defendant fully understands the nature and elements of the crimes to which she is pleading guilty pursuant to this Plea Agreement. The defendant also agrees to execute in open court a separate Waiver of Indictment, and she knowingly and voluntarily consents

to proceed by Information instead of by Indictment with respect to the charges. The government agrees to dismiss the pending Indictment at the time of sentencing.

2. **Factual Basis**. In pleading guilty, the defendant admits the following facts and agrees that these facts establish her guilt beyond a reasonable doubt and constitute relevant conduct pursuant to the United States Sentencing Guidelines:

a. On or about January 14, 2026, a crowd of demonstrators, gathered in the area of Lyndale Avenue between 23rd and 24th Avenues in Minneapolis to protest an immigration enforcement action during which an immigration agent discharged her weapon. FBI Agents responded to the scene in government-owned vehicles to investigate the shooting, but were not involved in the immigration enforcement action. The crowd grew unruly and violent, forcing FBI Agents to abandon the scene and leave two government-owned vehicles at the scene. The crowd vandalized and caused significant damage to the FBI vehicles, resulting in their total loss.

b. As a result of the vehicles being vandalized, FBI-issued equipment and materials, including FBI IDs, building access badges, and various personal and FBI documents, were stolen from the ransacked vehicles. Some stolen documents were driver's licenses and rosters with employees' phone numbers, email addresses, and other personal information. Much of the compromised information was posted publicly online via social media. Soon thereafter, several FBI Agents and employees, including Victim A, the Minneapolis FBI Special Agent victim in this matter, began receiving multiple harassing and threatening phone calls, texts, and emails.

c. The defendant found the personal information noted above posted on social media, including that of Victim A, and on or about January 16, 2026, between about 7:30 a.m. and 7:35 a.m., from her residence in Spokane, Washington, the defendant left the following three voicemail messages on Victim A's work cellphone:

| Time | Communication |
| --- | --- |
| 7:31 a.m. | You ruined my life, you piece of shit. You're going to fucking die. You and all of your fucking family. I don't fucking care. I am coming for you [Victim A's first name]. I am coming for you, you fucking piece of shit. You will fucking die. I don't give a fuck who cares, who knows, I don't give a flying fuck. You are dead. Dead, do you hear me? |
| 7:33 a.m. | You stupid bitch, you don't get to ruin my life and get away with it. You don't get to do that shit. Fucking stupid wife beater. You fucking masked idiot. Fuck you. I'm fucking coming for you, and you'll know. You're stupid. You're pathetic. You're fucking dumb. Get a real fucking job, you fucking idiot. I'm gonna kill you. |
| 7:36 a.m. | You rip my family apart, I'll rip your family apart, bitch. You, you fucking fat white-haired bitch. You, your wife, and your dead damn fucking daughter are dead. You're fucking dead. I will fucking kill you myself, I don't give a flying fuck. Fuck you. |

d.    The defendant admits and agrees that she knowingly and intentionally left these threatening voicemail messages on Victim A's work cellphone with the intent to forcibly assault, impede, intimidate, and interfere with Victim A in the performance of Victim A's duties as a Federal Law Enforcement Officer, and that her threats of physical aggression toward Victim A and Victim A's immediate family members reasonably inspired fear of pain, bodily harm, or death in Victim A and in Victim A's immediate family members, to constitute forcible simple assaults.

3.    **Waiver of Indictment.** The defendant knowingly waives the right to be charged by Indictment.  The defendant agrees, after consulting with counsel, to sign and file a written waiver of this right at the change-of-plea hearing.

4.    **Waiver of Pretrial Motions**. The defendant understands and agrees that the defendant has certain rights to file pre-trial motions in this case.  As part of this plea agreement, and based upon the concessions of the United States within this plea agreement, the defendant knowingly, willingly, and voluntarily gives up the right to have any pending motions resolved by the Court and to file any additional

pre-trial motions in this case. The defendant further agrees that, by pleading guilty, she is knowingly and voluntarily withdrawing any motions previously filed.

5. **Waiver of Constitutional Trial Rights**. The defendant understands that she has the right to go to trial. At trial, the defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. The defendant understands that she has the right to an attorney at every stage of these proceedings and, if necessary, one will be appointed to represent her. The defendant understands that she has the right to persist in a plea of not guilty and, if she does so, she would have the right to a public and speedy trial. By pleading guilty, the defendant knowingly, willingly, and voluntarily waives each of these trial rights, except the right to counsel. The defendant understands that a guilty plea is a complete and final admission of guilt and, if the Court accepts the guilty plea, the Court will adjudge the defendant guilty without a trial.

6. **Additional Consequences**. The defendant understands that as a result of this conviction, the defendant could experience additional collateral consequences. If the defendant is not a United States citizen, as a result of a plea of guilty, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant has discussed

with his attorney the punishments and consequences of pleading guilty, understands that not all of the consequences can be predicted or foreseen, and nevertheless still wants to plead guilty in accord with the terms of this plea agreement.

7. **Statutory Penalties**. The parties agree that each Count carries the same following statutory penalties:

    a. a maximum term of 1 year imprisonment, a Class A misdemeanor. (18 U.S.C. §§ 1361 and 3559(a)(6));

    b. a supervised-release term of not more than 1 year. (18 U.S.C. §§ 3559(a)(6) and 3583(b)(3));

    c. a fine of up to $100,000. (18 U.S.C. §§ 1361 and 3571(b)(5)); and

    d. a mandatory special assessment of $25. (18 U.S.C. § 3013(a)(1)(A)(iii)).

8. **Guidelines Calculations**. The parties acknowledge the defendant will be sentenced in accordance with Title 18, Chapter 227 (18 U.S.C. §§ 3551 – 3586) and with reference to the advisory United States Sentencing Guidelines. The parties also acknowledge the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence, and the parties stipulate to the following Guidelines calculations. Notwithstanding the following stipulations, nothing in this plea agreement prevents the parties from bringing to the attention of the Court and the Probation Office all information in their possession regarding the offense(s), including relevant conduct, and the defendant's background.

**Count 1** (18 U.S.C. § 111(a)(1)):

    a. **Base Offense Level**. The parties agree that the base offense level for Count 1 is 10. USSG § 2A2.4(a).

b. **Specific Offense Characteristics**.  The parties agree that no specific offense characteristics or adjustments apply for Count 1.

c. **Chapter Three Adjustments**.  The parties agree that, other than acceptance of responsibility, no other Chapter Three adjustments apply for Count 1.

**Count 2** (18 U.S.C. § 115(a)(1)(A)):

d. **Base Offense Level**.  The parties agree that the base offense level for Count 2 is 4.  USSG § 2A2.3(a)(2).

e. **Specific Offense Characteristics**.  The parties agree that no specific offense characteristics or adjustments apply.

f. **Chapter Three Adjustments**.  The parties agree that, because the victims are members of the immediate family of a government officer, and the offense of conviction was motivated by such status, the base offense level is increased by 3 levels.  USSG §§ 3A1.2(a)(1)(C) & (a)(2).  The parties further agree that because subsection (a)(1) and (a)(2) apply, and the applicable Chapter Two Guidelines is from Chapter Two, Part A (namely § 2A2.3), the base offense level is increased by an additional 6 levels.

g. **Grouping Provisions**.  The parties agree that Counts 1 and 2 are expressly excluded from grouping together, and the Grouping Procedure for Multiple Counts under USSG §§ 3D1.1 - 1.5 applies to determine a combined offense level.  USSG § 3D1.2.

The parties agree that the total offense level for Count 2, the highest offense level, is 13 (4+3+6), which is 3 levels higher than the total offense level for Count 1, resulting in an increase of 2 additional levels to the highest offense level, for a total combined offense level of **15 (13 + 2)**.  USSG § 3D1.4(a).

The parties agree that other than acceptance of responsibility, no other Chapter Three adjustments apply.

h. **Acceptance of Responsibility**.  The United States agrees to recommend that the defendant receive a two-level decrease for acceptance of responsibility pursuant to USSG § 3E1.1(a).  Whether this reduction is granted shall be determined by the Court in its discretion.  The defendant understands and agrees, however, that the government's recommendation is conditioned upon the following: (1) the defendant testifies truthfully during the change-of-plea and sentencing hearings; (2) the defendant provides full, complete and truthful information to the United States Probation Office in the pre-sentence

investigation; and (3) the defendant does not engage in any conduct inconsistent with acceptance of responsibility before the time of sentencing.

Nothing in this plea agreement, however, limits the right of the government, pursuant to USSG § 3E1.1 and/or § 3C1.1 to seek denial of a reduction for acceptance of responsibility or an adjustment for obstruction of justice should the defendant engage in any conduct inconsistent with acceptance of responsibility.

After applying all adjustments, the adjusted total offense level is **13 (15-2)**.

i. **Criminal History Category**. The parties believe that at the time of sentencing the defendant's Criminal History Category is I. USSG § 4A1.1. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. The defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence which should be included within their criminal history under the U.S. Sentencing Guidelines, the defendant will be sentenced based on their true criminal history category, and the defendant will not be permitted to withdraw from this Plea Agreement. USSG § 4A1.1.

j. **Guidelines Range**. If the adjusted total offense level is 13, and the criminal history category is I, the advisory Guidelines range is 12 to 18 months' imprisonment.

k. **Supervised Release**. The Guidelines provide for a term of concurrent supervised release of not more than 1 year. USSG § 5D1.2(a)(3).

l. **Fine Range**. If the adjusted total offense level is 13, the applicable fine range is $5,500 to $55,000. USSG § 5E1.2(c)(3).

m. **Special Assessment**. The Guidelines require payment of a special assessment in the amount of $25.00 for each count, for a total of $50. USSG § 5E1.3. The defendant understands and agrees that this special assessment is due and payable at the time of sentencing.

9. **Discretion of the Court**. The foregoing stipulations bind the parties but not the Court. The parties understand the Sentencing Guidelines are advisory and their application is a matter falling solely within the Court's discretion. The

Court will make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines. If the Court determines the applicable Guidelines calculations and/or the defendant's criminal history category are different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

10. **Sentencing Recommendation and Departures**. The defendant is free to recommend whatever sentence she deems appropriate. The government agrees to recommend no jail time but will advocate for concurrent terms of one year of probation with up to 12 months' home confinement, with exceptions for medical, religious, employment, and other reasons as approved by the supervising probation officer. If the Court does not accept the sentencing recommendation of the parties, the defendant will have no right to withdraw her guilty plea.

11. **Revocation of Supervised Release**. The defendant understands that if the defendant were to violate any supervised release condition while on supervised release, the Court could revoke the defendant's supervised release, and the defendant could be sentenced to an additional term of imprisonment up to the statutory maximum set forth in 18 U.S.C. § 3583(e)(3). *See* USSG §§ 7B1.4, 7B1.5. The defendant also understands that as part of any revocation, the Court may include a requirement that the defendant be placed on an additional term of supervised release after imprisonment, as set forth in 18 U.S.C. § 3583(h).

12.    **Waiver of Freedom of Information Act and Privacy Act**.    In exchange for the concessions of the United States made herein, the defendant agrees to waive all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

13.    **Waiver of Appeal and Postconviction Petition**. The defendant hereby waives the right to appeal any non-jurisdictional issues.  This appeal waiver includes but is not limited to the defendant's waiver of the right to appeal guilt or innocence, any issues relating to the change-of-plea proceedings, the sentence imposed, the Guidelines calculations, any restitution obligations, and the constitutionality of the statutes to which the defendant is pleading guilty.  The parties agree, however, that excluded from this waiver is an appeal by defendant of the substantive reasonableness of a term of imprisonment greater than 12 months' imprisonment.

The defendant also waives the right to collaterally attack her conviction and sentence under 28 U.S.C. § 2255 except based upon a claim of ineffective assistance of counsel. Further, this collateral-review waiver does not operate to waive a collateral challenge under 28 U.S.C. § 2255 based on new legal principles enunciated in Supreme Court case law decided after the date of this plea agreement that are both substantive and have retroactive effect. For purposes of this provision, legal principles that are substantive and retroactive are those that narrow the reach of the

offense of conviction and render the defendant's conduct non-criminal or that render the sentence imposed illegal.

The United States agrees to waive its right to appeal any sentence imposed.

14.     **Complete Agreement**. This, along with any agreement signed by the parties before entry of plea, is the entire agreement and understanding between the United States and the defendant. By signing this plea agreement, the defendant acknowledges: (a) that she has read the entire agreement and has reviewed every part of it with her counsel; (b) that she fully understands this plea agreement; (c) that she is pleading guilty because she is in fact guilty of committing the crimes to which she is pleading guilty; (d) that no promises, agreements, understandings, or conditions have been made or entered into in connection with her decision to plead guilty, except those set forth in this plea agreement; (e) that she is satisfied with the legal services and representation provided by defense counsel in connection with this plea agreement and matters related to it; (f) that she has entered into this plea agreement freely, knowingly, and voluntarily; and, (g) that her decision to plead

guilty in accord with the terms and conditions of this plea agreement is not the result

of any threats or coercion directed at her or anyone connected with her.

Dated: _MAY 15, 2026_

DANIEL N. ROSEN
United States Attorney

BY: BENJAMIN BEJAR
Assistant United States Attorney
District of Minnesota

Dated: _05-13-26_

BRENNA MARIE DOYLE
Defendant

Dated: _5/15/2026_

ROBERT D. RICHMAN, Esq.
Attorney for Defendant